# Todd *versus* Lorah.

1. In order to allow firm property to be applied in payment of the individual debt of one partner, the consent of the other is necessary.

2. Such consent may be inferred from a knowledge of the other partner that the goods are being so applied and his silence when he ought to speak, &c.

3. Knowledge alone of the application will not bind the other partner.

4. By a case stated, it was agreed that a creditor of one partner agreed with him that he should buy firm goods and that they should be a set-off against the price of the goods and the set-off was made ; the other partner knew that the goods were being bought on this condition, but "was not a party to the agreement and did not consent thereto." *Held,* that the creditor was liable to the firm for the goods.

January 20th 1874. Before AGNEW, C. J., MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Montgomery county* : No. 280, to January Term 1874.

A. K. Lorah, surviving partner of Willman & Lorah, brought an action before a justice of the peace against Dr. John Todd. After judgment there, it was removed into the Court of Common Pleas by appeal, on the 4th of January 1872, and the following case was stated by the parties and filed :—

" Dr. John Todd is a practising physician, and attended professionally Jacob Willman, the deceased partner, and his family from July 4th 1868, to December 25th 1869. During the latter part of this time, by the special request of Willman, the defendant bought clothing for himself and family of firm of Willman & Lorah, with the distinct and express understanding with Willman, that all that he bought should be a set-off *pro tanto* to his the defendant's bill or demand against Willman ; and such set-off actually was made by the parties. Had it not been for this agreement, the Doctor would have collected his claim long ago. Willman repeatedly urged the Doctor to buy more and he would fix it on the books of the firm as settled.

" It is not denied that Lorah, the other partner, knew that the defendant was buying goods on these conditions. Lorah was not, however, a party to the above agreement, and did not consent thereto. Willman did the principal business, and lived in the same building where the store was.

" The firm never attempted to collect, nor even asked the Doctor for this bill. It is admitted that the amount on the books of the firm; against the defendant, is forty dollars and thirty-two cents, and that the amount due the Doctor by Willman at the time of his decease was considerably more than this amount.

" It is further admitted that Willman sold these partnership goods to defendant as a part payment of his own individual debt, and the firm is solvent.

[Todd *v.* Lorah.]

"If the court be of the opinion that the claim of defendant is under the above state of facts, a set-off to the demand of plaintiff, then judgment to be entered for the defendant, but if not, then judgment to be entered for plaintiff for forty dollars and thirty-two cents with interest from December 2d 1871."

The Court of Common Pleas (Ross, P. J.) entered judgment for the plaintiff for $41.32, with interest from December 2d 1871, according to the case stated.

The defendant took a writ of error, and assigned the entering judgment for the plaintiff for error.

*J. O. Gotwalts* and *G. N. Corson*, for plaintiff in error, cited Browrigg *v.* Rae, 5 Exch. 489 ; Wallace *v.* Kelsall, 7 M. & W. 264 ; Gordon *v.* Ellis, 7 Man. & Gr. 609.

*H. K. Weand*, for defendant in error.

The opinion of the court was delivered, January 26th 1874, by

GORDON, J.—In the case stated, which was submitted to the court below for its decision, there is one controlling statement, that is, that Lorah, the partner of Willman, was not a party to the arrangement by which Dr. Todd was to get the goods of the firm in satisfaction of his bill against Willman, neither did he *consent* thereto. But this *consent* is exactly what is necessary in order to bind a firm to an arrangement by which the partnership assets are to be taken to pay an individual debt : Noble *v.* McClintock, 2 W. & S. 152 ; Tanner *v.* Hall, 1 Barr 417 ; Purdy *v.* Powers, 6 Barr 494. Ordinarily this consent may be gathered from attendant circumstances, such as the knowledge of the other partners that the goods are so being appropriated, and their silent acquiescence in the transaction, when they ought in good faith to speak out and dissent. But we apprehend that knowledge alone would not be sufficient to bind the other member or members of the firm, and especially where the individual creditor is being regularly charged with the goods on the firm books, and there is no assumption thereof upon such books by the individual partner. Every one is bound to know that a partner has no right to appropriate the partnership property to the payment of his individual debts, and if one so deals with him, he must run the risk of the interposition of partnership rights.

Whatever difficulties might otherwise be raised in the interpretation of this case, they were, as we have already intimated, settled by the concession in the case stated, that Lorah did not consent to the arrangement between Willman and the defendant, and it is therefore certain that the firm was not compromised by it.

Judgment affirmed.