# Leonard, Receiver, *v.* Smith, Appellant.

*Partnership—Firm assets—Individual debts.*

A partner cannot pay his individual debt with firm assets except with the consent of all the partners; but an express agreement is not required.

Where a lawyer sent his bill to a firm and included therein services to the individual members of the firm, one of whom thereupon expressly agreed that the lawyer, instead of insisting on cash, should take out his whole claim in materials and work to be furnished by the firm; and such materials and work were accordingly furnished from time to time for a period of eight years, the firm calling for no payment on what was owed them, and making no payment on what they owed: *Held*, that as both partners knew that the firm and each of the partners owed the lawyer money which they had not paid, and which he had not again asked for, and knew, and were bound to know from the presentation of his bill, that he was treating all his services on the same basis, and looking to the firm for the payment of the whole, the inference was irresistible that both partners knew and agreed to the arrangement by which all the debts on each side were to be treated as mutual and set off against each other.

*Failure of referee to find fact.*

Where a referee has refused to find a fact either way, the Supreme Court is at liberty, though not required, to look into the evidence and find the fact themselves.

*Practice, Supreme Court—Referee—Findings of fact—Review.*

The Supreme Court will not review a referee's findings of fact.

Argued Feb. 19, 1894.   Appeal, No. 229, Jan. T., 1893, by defendant, C. Smith, from judgment of C. P. Lackawanna Co., Oct. T., 1889, No. 256, in favor of plaintiff, E. J. Leonard, Receiver of B. E. Leonard and T. F. Leonard, trading as Leonard Bros., on exceptions to report of referee.   Before WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Assumpsit for merchandise, material and work furnished.

After issue joined, the case was referred to H. A. Knapp, Esq., as referee.   The referee found a balance due by defendant of $2,358.14; that defendant was entitled to a set-off of $848.55; and that plaintiff was entitled to judgment for the difference, with interest.   The set-off was for professional services.   As to it, the finding of fact of the referee was as follows:

" During the period from January, 1874, until May, 1880,

C. Smith performed professional services, partly for the firm of Leonard Brothers, and partly for the individual members of said firm, either in an individual or representative capacity, amounting in the aggregate, over and above all payments therefor, to the sum of $848.55. Of this amount the sum of $713 was for T. F. Leonard personally; the sum of $50.00 was for B. E. Leonard personally; the sum of $30.00 was for T. F. Leonard, administrator of Devine ; the sum of $5.00 was for T. F. Leonard, executor of Kennedy ; and the sum of $50.55 was for the firm of Leonard Brothers. [By the agreement entered into between the defendant and some one or more of the members of the firm of Leonard Brothers sometime after May, 1880, and before 1883, all of the above accounts were assumed by the firm of Leonard Brothers, and it was agreed that the defendant should be permitted to order and purchase material, plumbing work and merchandise as an offset to his said accounts against the Leonards, as above stated.] "

Plaintiff's second exception to the report of the referee was to the portion in brackets of his finding of fact above quoted ; and his third exception was to the referee's allowance of the items of set-off other than the $50.55 for professional services to the firm. The court below, in an opinion by ARCHBALD, P. J., sustained both of these exceptions, reduced the set-off from $848.55 to $50.55, and entered judgment accordingly. Defendant appealed.

The letters covered by the eleventh assignment of error were both written by defendant in 1889, one to one of the firm and the other to the receiver, offering to arbitrate, the letter to the receiver also containing an offer of compromise.

*Errors assigned* were (29, 30) sustaining above exceptions, quoting them ; other assignments are stated in the opinion of the Supreme Court.

*James W. Oakford,* for appellant.—An express ratification of a firm obligation given by one partner for his private debt is not necessary : Wheeler v. Rice, 8 Cush. 208 ; Brigham v. Peters, 1 Gray, 139, 147 ; Cowell v. R. R., 28 Pa. 329 ; Bank v. Combs, 7 Pa. 543 ; Lawrence v. Taylor, 5 Hill, 108, 113 ; Hatch v. Taylor, 10 N. H. 538, 553 ; Despatch Line v. Bellamy

Co., 12 N. H. 206, 237 ; Payne v. Smith, 12 N. H. 34, 39 ; Moss v. Co., 5 Hill, 137 ; Williams v. Merritt, 23 Ill. 623 ; Finney v. Fairhaven Ins. Co., 5 Met. 192 ; Bryant v. Sheely, 5 Dana, 530, 532 ; Delafield v. State, 26 Wend. 227 ; Bredin v. Dubarry, 14 S. & R. 27, 30 ; Gaus, Admx., v. Fountaine, 10 Ala. 756, 771 ; Bryant v. Moore, 26 Me. 84 ; Foster v. Andrews, 2 P. & W. 160 ; Frankland v. McGusty, 1 Knapp's Cases, 274, 301 ; Mundorff v. Wickersham, 63 Pa. 87 ; White v. Toles, 7 Ala. 569.

Bartley Leonard is estopped by silence or negligence : Pickard v. Sears, 6 A. & E. 469 ; Gregg v. Wells, 10 A. & E. 54 ; Cornish v. Abington, 4 H. & N. 549 ; Woodley v. Coventry, 2 H. & C. 164 ; Buchanan v. Moore, 13 S. & R. 304 ; Com. v. Moltz, 10 Pa. 530 ; Chapman v. Chapman, 59 Pa. 214 ; Bank v. Hazard, 30 N. Y. 226 ; Freeman v. Cooke, 2 W. H. & G. 654 ; Jordon v. Money, 5 H. L. 185 ; Welland Co. v. Hathaway, 8 Wend. 480 ; Otis v. Sill, 8 Barb. 102 ; Wilcox v. Howell, 44 N. Y. 398 ; Brown v. Bowen, 30 N. Y. 541 ; Kuhl v. Jersey City, 8 Green, 84 ; Dezell v. Odell, 3 Hill, 215 ; Plumer v. Lord, 9 Allen, 455 ; Andrews v. Lyon, 11 Allen, 349 ; Boggs v. Mining Co., 14 Col. 368 ; Henshaw v. Bissell, 18 Wal. 271 ; Danforth v. Adams, 29 Conn. 107 ; Horn v. Cole, 51 N. H. 287 ; Swan v. North British Co., 32 L. J. 273 ; Bank v. Wollaston, 3 Harring. 90 ; Rangely v. Spring, 8 Shepl. 130.

*Samuel B. Price, M. J. Wilson* with him, for appellee.—A partner cannot pay his separate debt with the joint funds of the firm ; in order to allow firm property to be applied for the payment of the individual debt of one partner, the consent of the other is necessary : Tanner v. Hall, 1 Pa. 417 ; Cooper v. McClurkan, 22 Pa. 80 ; Todd v. Lorah, 75 Pa. 155 ; Hartley v. White, 94 Pa. 31 ; Purdy v. Powers, 6 Pa. 492 ; McNaughton's Ap., 101 Pa. 550 ; Clarke v. R. R., 136 Pa. 415 ; Leonard v. Winslow, 2 Grant, 139 ; Rowland v. Slate, 58 Pa. 196.

OPINION BY MR. JUSTICE MITCHELL, July 11, 1894 :

The referee found the facts as to the value of the plumbing work done by the plaintiff's firm for the defendant, and the first ten assignments of error are directed mainly to an attack on the evidence on which the findings were based. It would be tedious and unprofitable to go through them in detail. The

plaintiff's bookkeeping was loose and afforded opportunity for error if not for fraud on the part of plaintiff's workmen. Had the case been tried on strict law, the entries as to many of the items would probably have been excluded. But they were not necessarily wrong, and a large number of the entries having been admitted without objection, and the parties having then come to an agreement as to what the rest of the books showed, the question of the total amount was before the referee on the whole evidence, and we cannot say that he was wrong in drawing his conclusions from all of it together.

The letters referred to in the eleventh assignment were clearly inadmissible.

The numerous succeeding assignments relate to findings of fact which this court does not review.

This leaves the only real question in the case, the defendant's claim of set-off. It is admitted that he had a small bill for professional services against the firm, and larger ones against the individual partners, which he claimed the firm had assumed or become liable for. The referee allowed the entire set-off claimed by defendant, but the court struck out the bills against the individual partners, and allowed only that for services directly to the firm. There is no dispute as to the law. A partner cannot pay his individual debt with firm assets except with the consent of all the partners. The referee and the court below agreed upon the rule, and the difference in their application of it arose from a difference of views as to the facts and the conclusions to be drawn from the evidence.

The referee found that " by an agreement entered into between the defendant and some one or more members of the firm all of the accounts were assumed by the firm, and it was agreed that defendant should be permitted to purchase material etc. as an offset to his accounts." The learned court below thought this finding insufficient to sustain the set-off, and further that the requisite agreement of the partners was negatived by the additional finding of the referee that it was made with T. F. Leonard alone, and his refusal to find that Bartley Leonard either understood or acquiesced in it. This view appears to us too narrow a construction of the referee's language, and also overlooks the force of the other conceded facts. In finding No. 11½ the referee was asked to say " This arrangement was

understood and acquiesced in by Bartley Leonard, the other member of the firm," and his answer was "I cannot specifically find as requested in this point. However I do not think it is material." The wording of this answer is peculiar. To all the other requests for findings his answers were "the facts are found" or "are not found" as requested. The exceptional language of this answer admits of two constructions, either that the referee could not find an express agreement by Bartley Leonard, or that he could not on the evidence find expressly, "specifically," one way or the other as to the particular fact. The first construction seems to us to reach the true meaning, in view of the words which follow, "I do not think it is material." The necessity of acquiescence by both the partners was admitted on all hands. It was therefore a most material point, and the learned referee, whose report displays an accurate knowledge of the law, could hardly have overlooked or meant to disregard it, as he would certainly have done, had he negatived the fact but added that it was not material. And it is still more improbable that he would have reached the general conclusion that there was no agreement and yet allowed the set-off which depended upon it. But if we read the answer as referring to an express agreement, all difficulty disappears. No express agreement was required (Todd v. Lorah, 75 Pa. 155) and the referee might properly say that its existence was not material.

Turning now to the other construction suggested, that the referee's answer was a refusal to find the fact either way, we are at liberty, though not required, to look into the evidence and find the fact ourselves. In this there is no difficulty at all. It is admitted that in 1880 the balance of the accounts between the parties was in defendant's favor, and he wanted his money. The referee's tenth finding is that he sent his bill to the firm, and that this bill included services to the individual members. One of the firm thereupon expressly agreed that defendant instead of insisting on cash should take out his whole claim in materials and work to be furnished by the firm. Such materials and work were accordingly furnished from time to time for a period of eight years, the firm calling for no payment on what defendant owed them, and making no payment on what they owed him. Both partners knew that the firm and

each of the partners owed the defendant money which they had not paid, and which he had not again asked for, and both knew, and were bound to know from his presentation of the bill in 1880, that he was treating all his services on the same basis, and looking to the firm to pay the whole. The inference is irresistible that both partners knew and agreed to the arrangement by which the whole debts on each side were to be treated as mutual, and set off against each other. The referee was therefore right in allowing the set-off. His finding as to the amount was upon evidence before him, and we do not review it.

Judgment reversed, and judgment ordered to be entered in accordance with the report of the referee.