# A. J. Kutz and H. A. Kutz, trading as A. J. Kutz & Son, Appellants, v. John A. Naugle.

*Partnership dissolution—Power of partner in collecting assets.*

A partner, after dissolution, has only the powers of an agent in collecting the assets of the firm. He has no power to accept payment of a firm debt in anything but the money which the debtor has contracted to pay.

*Partnership—Appropriation of assets to payment of individual debts.*

Every one is bound to know that a partner has no right to appropriate the partnership property to the payment of his individual debts, and if one so deals with him, he must run the risk of the interposition of partnership rights.

Argued March 16, 1898. Appeal, No. 23, March T., 1898, by plaintiffs, from judgment of C. P. Cumberland Co., May T., 1893, No. 95, in favor of defendant, on framed issue. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Framed issue. Before E. W. BIDDLE, P. J.

It appears from the record that judgment was entered on a note of John A. Naugle in favor of A. J. Kutz and H. A. Kutz, trading as A. J. Kutz & Son, for $290. An execution being issued on this judgment, a petition was taken to stay the fi. fa. and let defendant into a defense on which petition a rule was granted and an issue framed, the inquiry submitted to the jury being, "what portion, if any, of said note is still due by the defendant to the plaintiffs?"

The plaintiffs submitted the following points, which were refused by the court:

1. That the burden of proof is on the defendant, John A. Naugle, to show by the preponderance of evidence, not only that A. J. Kutz bought the burnt iron, but also that the purchase money thereof was to be applied to the payment of the note of A. J. Kutz & Son. The only evidence on this point for defendant is that of John A. Naugle himself, and as he is directly contradicted by the plaintiff, there is no preponderance of evidence, and the defendant's case fails.

The defendant's evidence, if true, would merely show an

appropriation of partnership assets for the individual use of A. J. Kutz. Such a defense is not available against a claim by the firm of A. J. Kutz & Son, and the verdict must therefore be for the plaintiffs.

2. Under all the evidence the verdict must be for the plaintiffs.

Other facts appear in the opinion of the court.

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* among others were (1–3) refusal of plaintiffs' points reciting same. (4) In rejecting plaintiffs' offer of evidence to prove that notice of the dissolution of the partnership was sent to the defendant by mail, and that he was also verbally notified thereof.

*Chester C. Bashore* and *E. M. Biddle, Jr.,* for appellants.— An application to open a judgment is addressed to the sound discretion of the court: O'Hara v. Baum, 82 Pa. 416.

When there is more than oath against oath, and it comes to the question of the weight of the evidence, it is for the court to decide to which side the scales incline: National Bank, 124 Pa. 337 ; Kloffer v. Ekis, 155 Pa. 41.

The learned court did not exercise sound discretion in opening the judgment on insufficient evidence: Scott's Appeal, 123 Pa. 155.

All the testimony of defendants' witnesses refer to a sale of iron—that is all. There is not a word of testimony that Kutz agreed to give him credit on the firm note for the value of the iron. The power of one partner to bind the other members of a partnership is based upon the principles of agency, and an agent to collect or receive payment can receive nothing but money in satisfaction of the claim: McCulloch v. McKee, 16 Pa. 289 ; hence he cannot bind his principal by accepting payment in merchandise or other property: 1 Am. & Eng. Ency. of Law (2d ed.), 1027. Especially is this true where the property is taken by the agent for his own use: 1 Am. & Eng. Ency. of Law (2d ed.), 1028, notes 1 and 4. See also, Kirk v. Hiatt, 2 Ind. 322.

*J. W. Wetzel,* with him *Conrad Hambleton,* for appellee.—

The testimony of the defendants was corroborated in material points, and the case was therefore peculiarly for the jury.

OPINION BY SMITH, J., April 18, 1898:

The judgment in this case was entered in March, 1893, while the plaintiffs were engaged in business as partners. In December, 1894, the partnership was dissolved, and the business was thereafter continued by A. J. Kutz. In September, 1896, the defendant made an application to open the judgment, on the allegation of payment, upon which an issue was framed to determine what portion, if any, remained unpaid. The jury determined this question in favor of the defendant.

It is contended that the court erred in opening the judgment because there was not sufficient shown to overcome the prima facie case of the plaintiff which the record established. But there is nothing before us by which this may be determined, since the petition of the defendant and the evidence taken in support of the rule to open have not been printed. We must therefore assume that the court was justified in opening the judgment. We are not to take it for granted that the evidence submitted on the trial of the issue is identical with that given in support of the application to open the judgment.

On the trial, it was shown that the defendant, after dissolution of the firm, and with knowledge thereof, delivered to A. J. Kutz a quantity of iron. The defendant testified that this was accepted in payment of the judgment. A. J. Kutz denied this, and testified that the iron was received for storage only, to be afterward sold for Naugle's benefit, and that the iron Kutz had in view was to be credited on another note payable to himself individually. There was no other evidence on this point. The verdict established the contention of the defendant. If A. J. Kutz was authorized to accept the iron in payment of the judgment, the verdict should stand. There was no evidence that H. A. Kutz, his former partner, assented to such payment, or even knew of it. The question of authority therefore turns first on the power of a partner, after dissolution, to accept payment in anything but the money which the debtor has contracted to pay, and second, on the right of a partner to appropriate partnership assets to the payment of his individual debts, since the iron was received by A. J. Kutz for his indi-

vidual use, and the jury have found by their verdict that the proceeds were applied in payment of the judgment. The first question needs no discussion. After dissolution a partner has only the powers of an agent in collecting the assets of the firm, unless as liquidating partner, he is vested with a larger discretion. Here there is no evidence that A. J. Kutz was the liquidating partner, or that he had authority to substitute anything for the money which was due the firm. As to the application of firm property to the individual use of a partner, it nowhere appears that the firm assets, or even the judgment in controversy, had been transferred to A. J. Kutz, or that he otherwise acquired the exclusive ownership of it, or the right to appropriate any of it to his individual use. Nor is it shown or alleged in the testimony, that H. A. Kutz, the other partner, knew of or assented to any such appropriation in whole or in part.

The assets of a partnership belong to the firm and are to be devoted to the partnership business. After dissolution and payment of the firm debts the remaining assets are to be divided among the partners in such proportions as they may be entitled to. But until this has been done a partner cannot appropriate any of the firm assets to his own use, without the consent of his partners. Where it is sought to apply the partnership assets to the individual debt of one of the partners it is incumbent on the creditor to show the consent or acquiescence of all the partners. The question is primarily one of consent, but this need not be by express agreement; it may be inferred from the attending circumstances, such as the knowledge of the partners that the assets are being so applied and their acquiescence therein: Larzelere v. Tiel, 3 Pa. Superior Ct. 109, and cases there cited. In the present case there is no proof on the subject. The right of A. J. Kutz to collect and appropriate the proceeds of the judgment to himself, or to satisfy it in payment of property received on his individual account was not alluded to in the charge. The whole controversy on the trial was over the acceptance of the iron as payment of the judgment. Hence the important rule of law now invoked was overlooked by the trial court. But it is earnestly pressed here and it becomes our duty to apply it, although its enforcement may be decisive of the case against the defendant.

"Every one is bound to know that a partner has no right to appropriate the partnership property to the payment of his individual debts, and if one so deals with him, he must run the risk of the interposition of partnership rights:" Todd v. Lorah, 75 Pa. 155. Under the undisputed evidence of this case the plaintiff's third point should have been affirmed.

The judgment is reversed and judgment is now entered in favor of the plaintiffs and against the defendant for the sum of $67.90, with interest from September 1, 1896, the costs to be paid by the defendant.