# Commercial Motors Mortgage Corporation, Appellant, v. Waters.

*Principal and agent—Findings of fact—Appeals.*

1. A finding by the court below on sufficient evidence that an agency in fact existed, will not be reversed on appeal, where no error is shown.

*Bailment—Assignment of lease—Conduct of bailor—Deception of public—Estoppel.*

2. Where the owner of a chattel so clothes another with apparent ownership, or authority to act, as to mislead or deceive the public, an estoppel may arise against the owner in favor of an innocent purchaser of the chattel.

3. Where the bailor of a truck assigns a lease thereof to an agent, and the latter places the truck on exhibition in his sales room, such exhibition will not in itself estop the bailor from asserting title, but this fact, with proof of agency, will be sufficient to protect an innocent purchaser of the truck.

*Referees—Findings of fact—Conclusions—Exceptions.*

4. While a referee's findings of fact are in general as conclusive as the verdict of a jury, yet where it appears from the referee's own findings that he has omitted consideration of certain elements of a decisive nature, the court on exception may consider such elements, and the evidence in relation thereto, and from them make its own findings.

5. Where the facts found by a referee are mere deductions from undisputed testimony, they are given no greater weight than findings of law.

6. The court may inquire into the evidence where it is apparent the referee failed to find pertinent facts, not because he did not believe the witnesses, but because he deemed the facts testified to by them immaterial.

*Replevin—Damages—Improper amount—Modification of judgment.*

7. On an appeal from a judgment in replevin for a truck, the amount of the judgment will be reduced by the appellate court, where it appears that a finding for probable use or profits, included as damages in the judgment, was not sustained by the evidence.

Argued February 25, 1924. Appeal, No. 4, Jan. T., 1924, by plaintiff, from order of C. P. Lackawanna Co., Nov. T., 1920, No. 242, reversing report of referee, in case of Commercial Motors Mortgage Corporation v. C. C. Waters. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Judgment modified.

Exceptions to report of referee. Before MAXEY, J.

The opinion of the Supreme Court states the facts.

Exceptions sustained, report reversed and judgment entered for $2,000 and interest from date of writ, and $500 for detention. Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting record.

*Walter L. Hill,* of *Knapp, O'Malley, Hill & Harris,* with him *Edward W. Warren,* for appellant.

*A. A. Vosburg,* and *Cornelius B. Comegys,* for appellee.

OPINION BY MR. JUSTICE KEPHART, March 24, 1924:

The Truck, Tractor & Forwarding Company of Scranton, on April 17, 1920, delivered to Bert Walter a motor truck under a bailment lease, accompanied by a note for unpaid instalments. The Forwarding Company assigned the lease with all its interest in the truck, together with the note, to plaintiff, appellant here. Possession of the truck remained in the bailee; thereafter he made default in payments, and the Forwarding Company, which had warranted the bailee's fulfillment of the contract, reclaimed possession of the truck, taking it to its place of business in Scranton. Thereafter, on July 20th of the same year, it was sold to defendant, C. C. Waters, appellee here. The full purchase price for this sale was duly paid, and the truck delivered. The Forwarding Company evidently did not

send the money to the assignee, the appellant; on the former's insolvency, appellant brought this action of replevin. The case was referred to a referee, who decided in appellant's favor. On appeal, the court below reversed the action of the referee and found the truck was the property of the appellee.

It is not disputed he was an innocent purchaser for value, and the court below found from the evidence that the Forwarding Company, in this and many other transactions, acted as agent of appellant, with authority to act. In this finding we fully concur. Appellant was nothing more than a finance company lending its money to the Forwarding Company, taking as collateral security bailment leases and notes such as here indicated. The court below found this relation of agency from the course of dealing between the parties. When motors were bailed, the contracts were assigned to appellant, who furnished the money to keep up payments with the manufacturer. Thereafter the Forwarding Company became the agent of appellant to make collections, turn over the money and generally keep appellant clear of loss. If payments on a particular contract were lacking, through neglect, threats of replevin were made and occasionally the agent who guaranteed the contracts furnished the payment. The Forwarding Company stood in such close business relations with appellant that, if it was not one of agency, it was at least a joint undertaking,—so much so that its acts fully bound appellant.

When possession of the truck was retaken, the agent placed it in a show window and exposed it for sale. Appellant, with knowledge, or facts from which knowledge may be inferred, permitted this condition to continue for many months. These facts, explainable on no other theory than agency, combined with the authority just discussed, created a condition that had a tendency to deceive intending purchasers, if agency did not exist. Where the owner so clothes another with apparent ownership, or authority to act, as to mislead or deceive the

public, an estoppel may arise against the owner: O'Connor v. Clark, 170 Pa. 318; Little v. Fearon & Co., 252 Pa. 430; Leitch v. Sanford Motor Truck Co., 279 Pa. 160.

While "placing the truck on exhibition in a sales room," where the bailee was engaged in buying and selling, would not, of itself, estop the owner from asserting his title, this fact, coupled with the positive evidence of an intimate relationship from which the fact of agency may be predicated, would be sufficient to protect an innocent purchaser.

Appellant complains, inasmuch as the referee made no finding covering some features passed on by the court below, that the court was powerless to proceed under the Act of April 6, 1869, P. L. 725, as amended. "Since a referee's findings of fact are as conclusive as a jury's verdict, it follows that, unless a trial judge would have been bound to direct a compulsory nonsuit, had the case been tried before a jury, or direct a finding for the defendant, it was error to set aside the referee's report. ......It is not for us to inquire which of these conflicting views is better supported by the facts.......Under the evidence, it became a mixed question which called for consideration of all the facts......Had the case been tried before the jury, a submission of the question could not have been avoided. The jury's determination would have been final, and we must allow like effect to follow that of the referee, who, by agreement of the parties, was substituted for the jury." Ansley v. Scranton, 218 Pa. 131, 132, 134.

This rule is subject to some exceptions. Ordinarily, before a jury, we do not know what weight, if any, is given to particular subjects in evidence. In a referee's finding we may learn if he has omitted consideration of certain elements of a decisive nature. If he has, whether the evidence is disputed or not, the court on review may consider such elements and the evidence in relation thereto, and from them make its own findings. Leonard v. Smith, 162 Pa. 284, 288. Also, where the facts found

are mere deductions from undisputed testimony, they are given no greater weight than findings of law: Holland v. Hayes, 40 Pa. Superior Ct. 195, 199; Grauel v. Wolfe, 185 Pa. 83. The rule does not preclude inquiry into the evidence when it is apparent the referee failed to find pertinent facts, not because he did not believe the witnesses but because he deemed the facts testified by them immaterial: Schwab v. Bickel, 11 Pa. Superior Ct. 312, 322.

The court below did not disregard the facts found by the referee; nor pass upon matters not raised by exceptions; nor make assumptions of facts contrary to the findings of facts, or not in the evidence. The fact of agency and joint venture was not considered by the referee and the evidence thereto was not seriously if at all disputed.

The court below, while correct in its conclusion as to ownership, erred in estimating damages. There is not a scintilla of evidence to sustain the finding of $500 for probable use or profits, and the judgment must be reduced accordingly.

The judgment is modified as above indicated, and, as modified, it is affirmed.