## Root *versus* O'Neil.

1. An amendment of the *narr.* must not introduce a new cause of action.
2. A *narr.* for goods sold and delivered was not amendable by a new count for money lent and expended; but a new count for a balance due on settlement was admissible.

ERROR to the Common Pleas of *Carbon county.*

Action in case, by O'Neil *v.* Root & Blay.

The original *narr.* was *in assumpsit,* for goods, wares, and merchandise, sold and delivered.

The case was arbitrated and award rendered for the plaintiff for $109.65, from which the defendants appealed.

Upon the trial, January, 1852, the plaintiff's books were given in evidence; and then an offer was made, on his part, to prove that he had lent to the defendants $300, for which a note was received. This was objected to on part of defendants, because not declared for.

Leave was then asked to file a new *narr.,* the first count being for money lent and expended, and another one for money due on accounting and settlement.

The amended *narr.* was objected to as enlarging the amount first claimed, and introducing a new cause of action since the appeal. The objection was overruled; the new *narr.* was filed; and the note for $300 was given in evidence.

Verdict for plaintiff for $134.04.

Error was assigned to the admission of the new *narr.,* and of evidence under it.

*Wheeler,* for plaintiffs in error, cited 5 *W. & Ser.* 33; 2 *Barr* 446; 1 *Whar.* 11; 4 *Yeates* 507; 2 *Rawle* 337.

*Siewers,* for defendant in error.

The opinion of the Court was delivered by

BLACK, J.—When a plaintiff has stated his cause of action defectively, he may amend his declaration at any time before or during the trial. But his right of amending is not entirely without limit. The great cardinal rule adhered to in all the cases is, that the amendment must not introduce a cause of action substantially

[Root *v.* O'Neil.]

different from that which is set forth in the *narr.* already filed. In the case now before us the first declaration was *indebitatus assumpsit* for goods sold and delivered; and the additional counts, filed by leave of the Court, were for money lent, laid out, and expended, and for a balance due on settlement. We think the latter of these new counts, if offered alone, would have been a permissible amendment of the original *narr.* But it was erroneous to allow the other to be put in. The *insimul computassent* may be only another way of alleging the indebtedness of the defendant for goods; but the loan of money must have been a perfectly distinct transaction.

Judgment reversed and *venire de novo* awarded.