# Masterson v. Lehigh Valley Railroad Company, Appellant.

*Waters—Flooding of land—Canal—Culverts—Evidence—Negligence.*

Where a lessee of the bed of an abandoned canal, constructs drains in such a way as to throw on the land of an adjoining owner, at times of heavy rain, a much greater volume of water than was usual at such times, the owner may recover from such lessees damages for the injuries to the land.

Argued March 3, 1908.  Appeal, No. 23, March T., 1908, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1903, No. 390, on verdict for plaintiff in case of John Masterson v. Lehigh Valley Railroad Company.  Before RICE, P. J., PORTER, HENDERSON, HEAD and BEAVER, JJ.  Affirmed.

Trespass to recover damages for injuries to land.  Before LYNCH, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for .$1,250.  Defendant appealed.

*Error assigned* among others was in submitting the case to the jury.

*J. B. Woodward,* of *Wheaton, Darling & Woodward,* with him *H. W. Palmer,* for appellant.

*James L. Lenahan,* with him *John F. O'Neill,* for appellee.

OPINION BY HENDERSON, J., April 20, 1908:

The plaintiff has shown by a strong preponderance of evidence that his property is subjected to the injurious effect of a volume of water which it had not sustained before the Hendler and Fagan culverts were constructed by the Penna. & New York Canal & R. R. Co., in the bed of the abandoned canal. These culverts were designed to carry off water flowing into the bed of the canal to enable the company to fill up the canal ditch.  As long as the intakes of the two culverts were disconnected there does not seem to have been any flooding of the plaintiff's property, but after the ditch was dug connecting the two intakes it is shown by the testimony offered by the plaintiff that a very large additional body of water was diverted onto his property at times of heavy rain.  This was brought about by closing the Fagan drain wholly or partially and by neglecting to keep the Hendler drain free from obstructions to the flow of water.  The culverts were constructed presumably for the use of the canal company and when it

transferred its interest in the property to the defendant by a lease for ninety-nine years the drains passed into the control of the defendant company, its tracks were built in part over the canal bed and the culverts were apparently necessary to the maintenance of the superstructure. The conditions complained of arose after the defendant took possession of the property, and the negligent maintenance of the culverts is chargeable to the defendant if such negligence existed. When the Fagan drain was built it discharged into the canal at Northampton street. The Pennsylvania Railroad Company filled the canal and extended the Fagan drain to or towards the river. This extension had less capacity than the Fagan drain by reason of which trouble arose at the intake of the drain. To relieve the pressure there the defendant connected the Fagan with the Hendler drain. If in so doing it overloaded the latter drain or neglected to keep it free from rubbish or sediment whereby the water which ought to have been carried through the drains was forced onto the plaintiff's land the injury was the direct result of the defendant's act, and is in no sense chargeable to its lessor or to the city which executed the contract permitting the lessor to construct the Hendler and Fagan drains as they originally were. An attempt was made by the defendant to show that the natural drainage prior to the construction of the canal in 1832 was onto the low ground where the plaintiff's building is located, but the evidence in support of this position is not clear, the testimony being in a general way that the natural drainage in the vicinity was in that direction. This was contradicted, however, by testimony offered by the plaintiff, and the evidence is very persuasive that such a volume of water as is shown to have been thrown out of the drain would not have been discharged on the plaintiff's premises by the natural flow of the water. The defendant's engineer admitted that there was some change in the natural drainage on the east side of the track made necessary by the improvement of the surface, and it seems reasonably clear that the accumulated water gathered at the intakes of the Fagan and Hendler drains and thrown out with great force, by reason of the lack of capacity of the Hendler

drain or its obstructed condition, is not such a flow of water as passed over the soil before the canal was built. The case presents a clear question of fact which was intelligently and fairly submitted to the jury by the learned trial judge, and the plaintiff's evidence, to which the jury gave credit, supports the verdict.

The judgment is affirmed.