## Mack v. Holsopple, Appellant.

*Replevin—Ownership of automobile—Bailment.*

In an action of replevin to recover an automobile a verdict and
judgment for the plaintiff will be sustained where the evidence
tends to show that the plaintiff bought the automobile with his
own money; that the carrier delivered the bill of lading for it to
him; that the car was kept sometimes in his own garage, and some-
times in the garage of an automobile company of which the plain-
tiff was treasurer; and that the president of the corporation sold
the car to the defendant without the plaintiff's knowledge or con-
sent. In such a case the mere fact that the car was used by the
company, and the plaintiff was an officer thereof will not justify
the court below in holding as a matter of law that plaintiff was
precluded from questioning the effect of the sale by the president
to the defendant.

The title to personal property does not pass upon a sale by a
custodian unless he possesses an actual right, or the owner has
permitted him to have an apparent right to alienate.

Where testimony as to the limitations of a bailment is in dis-
pute, the question of the existence of the bailment is for the jury.

Argued April 11, 1917.   Appeal, No. 130, April T.,
1917, by defendant, from judgment of C. P. Somerset
Co., Feb. T., 1915, No. 61, on verdict for plaintiff in case
of S. S. Mack v. Harry W. Holsopple.   Before ORLADY,
P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER
and WILLIAMS, JJ.   Affirmed.

Replevin for an automobile.   REIBER, P. J., specially
presiding.

The facts are stated in the opinion of the Superior
Court.

The court charged in part as follows:

["However, if you find that the plaintiff purchased

this car individually with his own money, then a further duty devolves upon you in determining the question as to the bailment involved in the ownership of the property; and by a bailment is meant where one, the owner of chattels or goods parts with the possession of the property for a particular purpose but retains the title to the property; and in that view of the case, gentleman, under what conditions did this property come into the possession of the Park Automobile Company? Where one entrusts the goods to another, the party that received the possession is called the bailee and the other would be called the bailor. Did the Park Automobile Company become the bailee of this automobile in question, and under what arrangement, under what circumstances did it become the bailee? And in your consideration of that question, gentlemen, you should give the closest care and scrutiny to the evidence because in this case, gentlemen, the bailee is the Park Automobile Company, and the plaintiff alleging ownership of the automobile is also one of the corporate officers of the company, secretary and treasurer of the company, and as one of the corporate officers he is entitled to the management of the company."] (1)

["Did the plaintiff in this case, if you find that he is the actual original purchaser and owner of the automobile, did he deliver possession to the Park Automobile Company as bailee, retaining the title? And if he did, gentlemen, in good faith deliver such possession individually and not as an officer and did not part with the title, and the company without his permission and without his consent parted with the title, then the purchaser would not take good title; and if you should find that as a fact, gentlemen, then your verdict should be in favor of the plaintiff in this case."] (2)

["In other words, if not a bailment, was this automobile placed in the hands of the Park Automobile Company by the plaintiff and did he permit and with his knowledge allow the automobile company to represent

themselves as owners of the car; was his relations to the company as such?"]    (3)

Defendant presented these points:

1. "That, if although it was understood at the time the auto was purchased, that it was to be the property of the plaintiff, yet if the jury believe that the plaintiff let the machine remain in the garage of the Park Automobile Company, of which he was secretary and treasurer and was also engaged in the management of said company, and the auto was used and run by the Park Automobile Company in its business, then a sale of the machine in dispute by said company passed good and valid title to the purchaser, and plaintiff cannot recover."

Answer: On part of the defendant we are asked to charge the jury on two points, which are refused without reading.   (4)

2. "That if the jury believed from the evidence that the machine in dispute was used and run by the Park Automobile Company and was kept in its garage, and the same was sold by the manager of said company to the defendant without notice of claim of ownership of the plaintiff being made known to defendant, then such sale passed good and valid title to the purchaser, and the verdict must be for the defendant."

Answer: On part of the defendant we are asked to charge the jury on two points, which are refused without reading.   (5)

6. "If the jury believes that S. S. Mack paid the Oakland Motor Car Company the sum of two hundred ($200) dollars on February 3, 1913, the sum of six hundred twenty-eight and 75-100 ($628.75) on March 4, 1913, and the sum of seven hundred ($700) dollars on September 5, 1913, for said automobile, and took the same into his possession at that time, and did not dispose of the same to any one by sale or gift, the verdict must be for the plaintiff."

Answer: This point is affirmed if the jury so find the facts.   (6)

Verdict and judgment for plaintiff for $600. Defendant appealed.

*Errors assigned* were (1-6) above instructions quoting them.

*C. W. Walker,* for appellant.—It was necessary for the appellee, in the first instance, to establish title in him for said car to enable him to recover in this action: Stephens v. Gifford, 137 Pa. 219; White v. Gunn, 205 Pa. 229; Miller v. Browarsky, 130 Pa. 372; Shannon v. Minney, 130 Pa. 280; Davis & Pugh v. Bigler & Son, 62 Pa. 242; Penn'a Railroad Company's App., 86 Pa. 80.

The court erred in its definition of bailment: Stephens v. Gifford, 137 Pa. 219; O'Connor v. Clark, 170 Pa. 318; Vanderslice v. Ins. Co., 13 Pa. Superior Ct. 455.

*W. Curtis Truxal,* with him *Robert C. Hoerle,* for appellee.—While the court very briefly defined a "bailment," yet the definition is correct, and when the whole charge is considered, the jury could not possibly have been misled: Krause v. Com., 93 Pa. 418; Quinn v. Davis, 78 Pa. 15.

OPINION BY WILLIAMS, J., July 13, 1917:

This was an action of replevin to recover an automobile. Defendant filed a counterbond and retained possession.

Plaintiff testified, inter alia, that in November, 1912, he had taken the agency in Johnstown, Pennsylvania, for the sale of the Oakland car; that at the time he was treasurer of the Park Automobile Company of Johnstown, which did not desire to sell that machine; that he bought a car from the Oakland company for demonstrating purposes, ordering it in the name of the Park company to give it prestige with the manufacturers; that, when the car arrived, he paid for it, as the Park company was practically insolvent; that part of the time the ma-

chine was kept at the company's garage, and part of the time at his own; that he used it sometimes for his own personal purposes and in demonstrating in furtherance of his agency; and at other times, with his permission, the company used it for hauling in cars, getting supplies, and hiring to others; that he continued to use it at his home at intervals until July 4, 1913, after which he could not get possession of it as Smith, the president of the company, had taken it and would not return it; that he had endeavored to get it back peaceably and by replevin in Cambria County, and finally replevied it in Somerset County; that subsequently defendant claimed it under an alleged sale by Smith on behalf of the Park company, made in June, 1913, of which sale he was unaware until after the replevin of the car; that whenever the car had been used by the company he had been given credit on the books for its use; and that his ownership of the car was known to its officers and employees.

Defendant's witnesses testified that although plaintiff had advanced the money to pay for it, the car was bought by and for the Park company; that it had been constantly kept by the company in its own garage and used as its own; that Smith had sold it on behalf of the company to the defendant on June 28, 1913; that defendant immediately took it away and subsequently used it for hiring purposes; that no credit had ever been given to plaintiff for its use, nor had any of those connected with the company any knowledge that plaintiff was, or claimed to be, the owner of the car while it was in the hands of the company.

The court submitted three questions to the jury: 1. Did the plaintiff buy and pay for the car for himself, or did he advance the money to the Park company so that it could purchase the car? 2. Was there a bailment of the car with the company? 3. Was the plaintiff guilty of holding out the company as the owner of the car with the right to dispose of it? The court cautioned the jury that they must remember that plaintiff was an officer of the

company, and under the circumstances they must consider the situation very carefully.

The assignments of error object to the charge and to the court's answers to points. Under them appellant contends, (1) that appellee had neither title nor color of title to sustain his claim of ownership to the automobile in suit, and (2) that there was no evidence in the case to warrant the court in treating it as one of bailment.

There is no merit in the first contention. There was evidence of a purchase by and delivery to plaintiff, and he took the car to his own garage whenever he liked. The jury could have found that he bought the car and that it was delivered to him. The delivery to him by the carrier of the bill of lading was sufficient: Stephens v. Gifford, 137 Pa. 219. There was evidence that the Park company never had title to the car. The cases cited by the appellant might have been applicable if plaintiff were claiming against him by title derived through the Park company. He is, however, claiming title against the company.

There is no reversible error in the charge. The testimony as to the limitations of the bailment being in dispute, the question of its existence was properly left to the jury. The definition of bailment is sufficiently clear to give the jury a readily comprehended idea of its attributes: Nicolette Lumber Co. v. Peoples Coal Co., 26 Pa. Superior Ct. 575; Krause v. Com., 93 Pa. 418. The title to personal property does not pass upon a sale by a custodian unless he possesses an actual right, or the owner has permitted him to have an apparent right to alienate: Quinn v. Davis, 78 Pa. 15. The instruction as to estoppel was correct: O'Connor v. Clark, 170 Pa. 318. The element of a dependence by defendant upon the apparent authority of Smith to sell the car is lacking from his first and second points, and the court would have erred in affirming them as worded. The plaintiff's sixth point, when taken in connection with the rest of

the charge, was properly affirmed with the addition of the words "if the jury so finds the facts."

Under the evidence the right to the automobile was a question for the jury. The mere fact that the car was used by the company and that plaintiff was an officer thereof would not have justified the court below in holding as a matter of law that he was precluded from questioning the effect of the sale by Smith.

The judgment is affirmed.