# Osterling, Appellant, *v.* Allegheny County.

*Municipal contracts—County courthouse — Alterations—Commissions—Reduation — Consideration — Architect — Approval of contract by grand jury and quarter sessions—Amendment of statement—Quantum meruit—Statute of limitations—Act of April 15, 1834, P. L. 539.*

1. County commissioners have no authority to enter into a contract with an architect to furnish plans and specifications and superintend additions and alterations to an existing courthouse, prior to securing the approval of the grand jury and court of quarter sessions to such additions and alterations, as required by the Act of April 15, 1834, P. L. 537, 539.

2. An agreement for drawings, plans, specifications, contracts and general supervision of the work, is for a part of the enlargement of the building as much as any other work or material.

3. Where the architect brings an action against the county on such a contract, he cannot amend his statement by adding a claim on a quantum meruit for the preparation of plans and specifications for the information of the grand jury, if it appears that the claim is not brought upon the record until thirteen years after the work was done, as the statute of limitations has then run.

4. If the suit involves additions and alterations to a county jail, and they were properly authorized, the architect may recover for his services thus rendered.

5. Where it appears that, at the architect's request, a change of material for the jail was made involving a large increased cost to the county, an agreement by the architect to reduce his commissions from the amount stated in the contract, is based on a sufficient consideration.

6. Where the county calls a witness who testifies that the architect agreed to reduce his commission to either two or two and one-half per cent, but that he could not recall which, the architect should be allowed two and one-half per cent instead of two per cent.

7. The cost of removal of old buildings and the cost of testing steel, both necessary for the construction work, are properly a part of the cost of the improvement on which the architect is allowed commissions.

*Appeals—Modification of judgment—Acts of May 20, 1891, P. L. 101, and April 22, 1905, P. L. 286.*

8. Where the Supreme Court on appeal allows certain items of increase to the amount of the verdict for plaintiff and it appears that the questions involved in the items are purely legal, the judgment will be entered, in accordance with the Acts of May 20, 1891, P. L. 101, and April 22, 1905, P. L. 286, as the court below should have entered it.

Argued October 21, 1921. Appeal, No. 168, Oct. T., 1921, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1911, No. 429, on verdict for plaintiff, in case of F. J. Osterling v. Allegheny County. Before MOSCH-ZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Modified and affirmed.

Assumpsit by architect. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,155.01. Plaintiff appealed.

*Errors assigned,* were various rulings and instructions, sufficiently appearing by the opinion of the Supreme Court, quoting the record.

*J. M. Freeman,* of *Watson & Freeman,* with him *Joseph F. Mayhugh* and *Ernest C. Irwin,* for appellant. —No consideration was proved to support an agreement on plaintiff's part to modify his contract: Kidder v. Kidder, 33 Pa. 268; McNutt v. Loney, 153 Pa. 281; Erny v. Sauer, 234 Pa. 330.

The county commissioners had power to make the contract: Vankirk v. Clark, 16 S. & R. 286; Cooper v. Lampeter Twp., 8 Watts 125; Allegheny Co. v. Western Pa. Hospital, 48 Pa. 123.

Plans were necessary before presenting the matter to the grand jury and quarter sessions: Mahon v. Luzerne Co., 197 Pa. 1; Huntingdon County's App., 8 Pa. Superior Ct. 380; Bradbury v. Burschell, 220 Pa. 439.

*Wm. C. Jacob,* Assistant County Solicitor, with him *Oscar J. Taylor,* County Solicitor, and *B. B. McGinnis,* for appellee, cited: Taylor v. Poor Dist., 50 Pa. Superior Ct. 317; Grier Bros. v. Assurance Co., 183 Pa. 334.

OPINION BY MR. JUSTICE WALLING, January 3, 1922:

The plaintiff, F. J. Osterling, is an architect and, on April 12, 1904, submitted to the Allegheny County commissioners an offer as follows, viz: "I hereby propose to furnish the necessary plans and specifications for the additions and alterations to the Allegheny County courthouse and jail buildings for a commission of five (5%) per cent upon the cost of the work. The above commission to include general supervision of the work, all drawings, plans, specifications and contracts, and such duties as are usual and customary among architects. The above commission will also include my charges for the preliminary plans and studies prepared for the jail building, which were recommended by the special committee of the prison board. Payments to be made during the progress of the work, in the usual manner"; which they duly accepted the same day. Pursuant thereto plaintiff made detailed and complete plans and specifications for a comprehensive enlargement of the Allegheny County courthouse, to cost approximately $1,500,000. The improvement was never made and plaintiff, after waiting five years, brought this suit, for his commission under the contract, but claimed only three per cent, as he was spared the work of supervision. The question of enlarging the courthouse was not submitted to or approved by the grand jury or court of quarter sessions as required by section 11 of the Act of April 15, 1834, P. L. 537, 539, which is as follows, viz: "It shall be the duty of the commissioners of every county to keep and maintain the public buildings aforesaid of the county, in suitable and convenient order and repair, and it shall be lawful for them when necessary, having first obtained the approbation of the grand jury,

and of the court of quarter sessions of the county, to alter, add to, or enlarge such public buildings." Such omission was fatal to plaintiff's claim for the courthouse plans. Under the plain language of the act the approbation of the grand jury and court is prerequisite to the right of the commissioners to enlarge a county building (see Taylor v. Poor District, 50 Pa. Superior Ct. 317), and all persons are bound to recognize such lack of authority. This case differs from Sauer v. McKees Rocks Sch. Dist., 243 Pa. 294, and Harlow v. Beaver Falls Borough, 188 Pa. 263, where the original contracts were valid when made. As the commissioners cannot enlarge the building, they cannot make contracts for that purpose, without such precedent authority. An agreement for all drawings, plans, specifications, contracts and general supervision of the work is for a part of the enlargement of the building as much as any other work or material. The law recognizes such services (when, as here, they include supervision) as part of the construction work for which an architect may file a mechanic's lien: Trickett's Law of Liens in Pa., vol. 1, sec. 9; Johnson's Law of Mechanics' Liens in Pa., p. 173.

The contention that under the contract plaintiff might recover as for a preliminary sketch is untenable. The contract affords no ground for such a contention, nor does the original statement of claim. True, the amended statement filed in 1918, while not abandoning the original contract, avers work done by plaintiff of the fair and reasonable price of $45,000 in the preparation of plans and drawings necessary for the information of the grand jury. This cannot be sustained under the contract, for, as above stated, it was invalid, and furthermore it made no provision for preliminary plans or sketches of the courthouse. As a claim for the value of services rendered, independent of the contract, it cannot be sustained because barred by the statute of limitations, not having been brought upon the record until thirteen years after the work was done: Grier Brothers

v. Assurance Co., 183 Pa. 334. For these reasons it is not necessary here to determine to what extent the county commissioners may employ an architect to prepare preliminary sketches for information of the court and grand jury.

Complaint is made of the exclusion by the trial judge of offers of evidence tending to prove the extent and value of plaintiff's services in preparation of the courthouse plans. The offers were rightly rejected, (a) because there could be no recovery under the contract regardless of the amount of the services, and (b) because the claim on a quantum meruit, outside of the contract, was barred by the statute of limitations, and its extent immaterial.

The claim for the courthouse plans was properly rejected; however, the contract includes additions and alterations to the county jail, which were approved and made according to plaintiff's plans and under his supervision, and in this suit he also claimed a balance on that branch of the contract for commissions on certain disputed items. The jury found a verdict of $6,155.01 for him, but he moved for a larger judgment n. o. v., and also for a new trial. The court below denied both motions and, from judgment entered on the verdict, plaintiff brought this appeal.

One controverted item grows out of the change of material of certain walls of the jail from sandstone to granite. This involved an extra expense of $50,728, upon which plaintiff was prima facie entitled to his five per cent commission; but defendant proved by Judge MACFARLANE that, as a member of the prison board, he was present at a meeting attended by two of the county commissioners, by plaintiff and others, at which the question of the change of material was under consideration. The judge testified that plaintiff strongly urged the change, and, as an inducement thereto, said he would reduce his commission on the extra cost to two or to two and one-half per cent; the witness could not recall

which amount. The change to granite was made and the trial judge submitted to the jury the question as to whether plaintiff made such an offer and if so to what percentage he agreed to reduce his commission; they allowed him two per cent on the extra cost. The added expense incurred by the county at plaintiff's request was a sufficient consideration for his promise and rendered the same obligatory. However, the trial judge erred in permitting the jury to reduce the amount to two per cent. The burden there was upon defendant, and as its witness did not recall whether the amount was to be two or two and one-half per cent, plaintiff was entitled to the latter sum.

The enlargement of the jail necessitated the acquisition of adjoining land and the removal of old buildings, which was done as part of the work under plaintiff's supervision, at a cost of $3,750.50; the rejection of his commission thereon was error. Such removal was necessary to and, in fact, a part of the improvement and came fairly within the terms of the contract as part of the cost of "the work" for which a commission was provided. This conclusion finds support in Ketcham v. Land Title & Trust Co., 257 Pa. 391, which holds, in effect, that where under one contract an old building is demolished and a new one erected on the same site, work done on the former becomes a part of the latter; and see 27 Cyc. 36.

The steel before being placed in the building was subjected to a physical test by the Pittsburgh testing laboratory at an expense of $1,075.98, which added that sum to the cost of the improvement. While plaintiff had a general supervision over this work, he, of course, did not make the tests; however, it was error to reject his commission thereon, for it was as much a part of the cost of the building as any other item.

The questions involved in the three items above mentioned are purely legal, as the facts are admitted; hence, we can enter such judgment as the court below should

have entered: section 2, Act of May 20, 1891, P. L. 101; Act of April 22, 1905, P. L. 286. The commission, on the three items, with interest thereon to date of verdict, amounts to $879.55.

The judgment is increased from $6,155.01 to $7,034.56, with interest from March 2, 1921, and, as so modified, is affirmed.