## Truck Tractor & Forwarding Co. (to use, Appellant) v. Baker et al.

*Bailment—Lease—Change of possession—Notice—Laches—Title
—Secret liens—Secret title—Principal and agent—Apparent own-
ership—Estoppel.*

1. The law abhors secret liens and will allow of no device to
elude the principle which forbids a lien to be created on chattels
as a security separate from the possession; and the same is true
as to acquiring a secret title.

2. Where the lessor of a truck assigns the lease, and thereafter
the lessee defaults and returns the truck to the lessor, and the as-
signee of the lease permits the truck to remain in the sales room
of the lessor, until it is leased or sold to an innocent purchaser
without notice, the assignee cannot assert title to the truck as
against such purchaser, and especially is this the case if it appears
that the lessor was the agent of the assignee, and that he permitted

the purchaser to pay several installments to the lessor without asserting ownership.

3. In such case, there can be no application of the rule that a bailee cannot so dispose of the property as to defeat the title of the bailor, without the latter's consent.

4. Where an owner of a chattel so clothes another with apparent ownership, or authority to act, as to mislead or deceive the public, an estoppel may arise against the owner.

*Evidence—Damages—Replevin—Witness—Opinion as to value.*

5. Where, in replevin, for a truck alleged to have been wrongfully taken by plaintiff, there is no proof of special damages and nothing to justify punitive damages, the measure of damages, apart from the value of the truck, is simple interest from the time the writ issued until entry of final judgment.

6. In such case, it is not error to permit the defendant to express an opinion as to the market value of the truck, where the value placed is no higher than that stated in plaintiff's own affidavit when the writ was issued.

Argued May 20, 1924. Appeal, No. 10, Jan. T., 1924, by use-plaintiff, from judgment of C. P. Lackawanna Co., Nov. T., 1920, No. 251, for defendant, on case tried by court in suit of Truck Tractor & Forwarding Co. to use of Commercial Investment Trust, v. H. C. Baker and A. C. Langford. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed with modification.

Replevin for truck. Before MAXEY, J., without a jury. The opinion of the Supreme Court states the facts. Judgment for defendant. The use-plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*David J. Reedy,* with him *C. A. Battenberg,* for appellant.

*A. A. Vosburg,* for appellee.

OPINION BY MR. JUSTICE WALLING, July 8, 1924:

The Truck, Tractor & Forwarding Company, herein called the tractor company, a corporation, was engaged,

inter alia, in the sale of Armleader trucks at Scranton, and, on December 26, 1919, delivered one of those trucks to H. C. Baker, upon a so-called lease, providing for payment by monthly installments and for a return of the truck in case of default.    On the same day the tractor company assigned the lease to the Commercial Investment Trust, herein called the plaintiff, a financing corporation of New York.    After making a hand payment and two or three monthly payments, Baker defaulted and the truck was taken back by the tractor company and placed in its sales room, where it remained until that company delivered it to the defendant, A. C. Langford, upon another so-called lease of somewhat like import, executed in its name as lessor.    For six months he made payments to the tractor company, as provided in his lease, with no knowledge that the Baker lease had been assigned to plaintiff or that it claimed any interest in the truck.    Then, however, plaintiff took the truck from Langford by a writ of replevin, averring its right to do so by virtue of the Baker lease, of which it was assignee.    An affidavit of defense was filed and, jury trial being waived, the case was heard by the trial court, who in due time entered judgment for defendant for the value of the truck and damages for its taking and detention; thereupon plaintiff brought this appeal.

We find nothing in the record calling for a reversal. Plaintiff took no steps to secure possession of the truck upon its return to the tractor company by Baker, but on the contrary suffered it to remain in the sales room of that company to all appearances as its truck.    Treating the contract with Baker as a bailment, the tractor company's assignee thereof became prima facie owner of the truck, subject to the rights of the bailee, and during the continuance of the bailment was not required to take possession of the property in order to acquire title thereto even as against creditors: Linton v. Butz, 7 Pa. 89. In fact, during such time the bailee's possession could not be disturbed, but when the bailment was ended and

the property returned to the original bailor it became the duty of the latter's assignee to take possession thereof, within a reasonable time, the same as the purchaser of any other personalty, but it failed to do so; hence, its title was invalid as against that of an innocent third party. Were the rule otherwise, a temporary bailment would enable the bailor to secretly transfer title of the property, then regain possession and hold the same as ostensible owner without subjecting it to the claims of the creditors or bona fide purchasers. This cannot be done, for the law abhors secret liens, however attempted to be established (Princhett v. Cook, 62 Pa. 193) and will allow no device to elude the principle which forbids a lien to be created on chattels as a security separate from the possession (Enterprise W. Paper Co. v. Rantoul Co., 260 Pa. 540; Jenkins v. Echelberger, 4 Watts 121), and the same is true as to acquiring a secret title. Furthermore, plaintiff remained silent during all the time Langford was making payments on the truck to the tractor company; and, for nearly eight months after the first bailment was ended, did nothing indicating any interest whatever in the truck, and only acted when the tractor company had become insolvent and its manager a defaulter; meantime the rights of Langford as a bona fide purchaser or lessee had attached. The undisputed facts constitute such laches on behalf of plaintiff as to support the trial court's finding that it was estopped from asserting a claim to the truck as against an innocent purchaser from the tractor company. See O'Connor, Adm'r, v. Clark, 170 Pa. 318.

The trial court also found, on sufficient evidence, largely circumstantial, that the tractor company was agent of the plaintiff and as such had authority, or at least apparent authority, to dispose of the truck in question. Plaintiff permitted the truck to remain in possession of the tractor company and apparently clothed it with authority to dispose of the same, and must abide by the consequences. This question is fully considered

in the opinion by Mr. Justice KEPHART in Commercial M. Mtg. Corp. v. Waters, 280 Pa. 177, and it is there stated that, "Where the owner so clothes another with apparent ownership, or authority to act, as to mislead or deceive the public, an estoppel may arise against the owner," citing O'Connor v. Clark, supra; Little v. Fearon & Co., 252 Pa. 430; Leitch v. Sanford Motor Truck Co., 279 Pa. 160. See also Miller v. Browarsky, 130 Pa. 372; Quinn v. Davis, 78 Pa. 15; McManus v. Laughlin, 186 Pa. 498; Stephens v. Gifford, 137 Pa. 219; White v. Gunn, 205 Pa. 229; Mack v. Holsopple, 67 Pa. Superior Ct. 291, 24 Cyc. 1168; section 25 of the Sales Act of May 19, 1915, P. L. 543, 551. So far as appears, the tractor company never held the truck as bailee of the plaintiff, hence the rule stated in Leitch v. Sanford Motor Truck Co., supra, and other cases, that a bailee cannot so dispose of the property as to divest the title of the bailor, without the latter's consent, is not applicable.

There is no merit in the complaint as to the admission of the testimony of William Nichols and of the defendant, Langford, as to the market value of the truck in question; for Nichols was clearly competent to express an opinion on that question and Langford's evidence as to that was immaterial, for he placed the value no higher than did plaintiff's own affidavit made when the writ of replevin was issued.

As to whether the so-called leases here in question were bailments or conditional sales, we express no opinion.

The trial court fixed the value of the truck at $2,000 and also awarded defendant $625 damages. In our opinion the latter is excessive. There was no proof of special damages and nothing to justify such as were punitive, therefore the measure of damages should not exceed simple interest (Commercial M. Mtg. Corp. v. Waters, supra; Armstrong & Latta v. Phila., 249 Pa. 39; Collins v. Houston, 138 Pa. 481; Rafferty v. Haldron et al.,

81* Pa. 438; Farmers Bank v. McKee, 2 Pa. 318; Cox v. Burdett, 23 Pa. Superior Ct. 346), which, computed from the time the writ issued (October 8, 1920) until entry of final judgment (January 12, 1924), amounts to $391.33.

The judgment is modified by reducing the damages allowed from $625 to $391.33, as of January 12, 1924, and as so modified is affirmed.