## Hewitt v. Hodson

*Thomas Hallman*, for plaintiff; *George Wanger*, for defendant.

KNIGHT, P. J., May 11, 1934.—This matter is before the court on the plaintiff's motion to amend his statement of claim in assumpsit. The application is opposed by the defendant, on the ground the amendment would introduce a new and independent cause of action barred by the statute of limitations.

The plaintiff filed a statement of claim based on an oral contract with the defendant on September 15, 1930. In the statement, he alleges that he is a dental surgeon engaged in the practice of dentistry at 1520 Spruce Street in the City of Philadelphia; that shortly before December 8, 1924, the defendant came to his offices, for the purpose of having dental work attended to for himself personally; that in accordance with instructions and the agreement made with the defendant, the plaintiff rendered dental services to the defendant from December 8, 1924, to January 23, 1925, according to an itemized bill marked exhibit A attached to the statement of claim; that the total amount of dental services rendered amounted to $585; that the prices charged were just, reasonable, and usual prices, and were agreed to between the parties; and that the

work was done in a proper manner, with the final result highly satisfactory to the defendant.

Plaintiff further alleged that the defendant paid $285 on account of the bill, leaving a balance of $300, with interest due from January 23, 1925, when the defendant promised to pay the bill, which balance, although frequently demanded, the defendant has refused to pay.

On January 27, 1931, the defendant filed an affidavit of defense, which denied any contractual relation between the parties and denied he received dental services from the plaintiff.

The affidavit further averred the plaintiff rendered dental services to the wife of the defendant, in accordance with an oral agreement made between her and the plaintiff. On March 20, 1933, when the cause went to trial, a jury was called, but later a juror was withdrawn and the case continued. The same day, the plaintiff filed the motion under consideration, to amend his statement of claim by adding thereto a statement "that the work furnished was for necessaries for said wife on credit of husband".

The question raised is whether this amendment constitutes a new and independent cause of action barred by the statute of limitations.

Under the well-settled rule of this Commonwealth, a new and different cause of action will not be permitted after the statute of limitations has run in favor of the defendant. But if the amendment is merely a restatement of substantially the same cause of action, though different in form, the variance in form will not prevent the amendment: Root v. O'Neil, 24 Pa. 326 (1855), Black J.; Allen v. Tuscarora Valley R. R. Co., 229 Pa. 97 (1910), Mestrezat, J.; Osterling v. Allegheny Co., 272 Pa. 458 (1922), Walling, J.; Goldberg v. Friedrich, 279 Pa. 572 (1924), Kephart, J.; Laritza v. Pennsylvania Power Co., 106 Pa. Superior Ct. 587, 592 (1932), Stadtfeld, J.

In the statement of claim, the plaintiff sought to recover upon a cause of action based upon an oral contract with the defendant for dental services rendered to the defendant. Through the amendment, the plaintiff now seeks to recover from the defendant on a cause of action based on the liability of a husband for the necessaries of his wife for dental services rendered to the wife of the defendant. The basis of liability of the defendant is obviously different. A judgment against the defendant on the former cause of action would not save him in a defense against the latter: Goldberg v. Friedrich, supra.

Without the amendment, the liability of the defendant as a husband for his wife's necessaries would have no place in the case. The amendment sought is not a restatement or a statement in a different form of a cause of action against the defendant for dental services rendered personally to him. The original statement contains no intimation that the services of the plaintiff were given to the wife of the defendant. The amendment cannot be said accurately to be an explanation or amplification of what was already stated, namely, dental services to the defendant personally. The amendment sought would introduce a distinct and independent cause of action, barred by the statute of limitations, and hence is not permissible.

And now, May 11, 1934, for the foregoing reasons, the motion of the plaintiff to amend his statement of claim by adding a statement "that the work furnished was for necessaries for said wife on credit of husband" is overruled.

From Aaron S. Swartz, Jr., Norristown, Pa.