## Magaro *v.* Metropolitan Edison Company, Appellant.

Argued October 26, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

324

*Howard V. Fisher,* with him *Harold J. Ryan* and *David M. Wallace,* for appellant.

*Sidney E. Friedman,* with him *Carl B. Shelley,* for appellee.

OPINION BY KELLER, P. J., March 4, 1938:

The plaintiff brought this action of trespass to recover the damages alleged to have been done to her land and buildings by the defendant's negligent and unlawful discharge of water which had gathered or accumulated on its land.

The plaintiff is the owner of certain lots or parcels of ground in Swatara Township, Dauphin County, on which are erected a dwelling house, hog pen, chicken house, stable, wagon shed and other outbuildings. She lived in the dwelling and used the land for the raising of vegetables, fruits and other market produce.

On August 20, 1928 the defendant acquired from the Pennsylvania Railroad Company title to a strip of land, of some considerable length, formerly used as part of the bed of the Pennsylvania Canal. The canal has been abandoned for transportation purposes, but surface water from the hills or high ground north of it continues to flow into the canal bed and is confined there by the canal banks, and the water which thus accumulates there flows in the strip or section owned by defendant and in times of high water the old canal

is filled to overflowing. A year or two before the defendant acquired title to the section of canal owned by it, its predecessor in title, Pennsylvania Railroad Company, had built or constructed through the south bank of the canal at a point near plaintiff's lands, a terra cotta drain or pipe, 24 inches in diameter, for the purpose of discharging water from the canal into a natural water course a little south of and roughly parallel with the canal. Defendant continued the maintenance of this pipe or drain; but the water accumulating in the canal in times of flood caused large breaks or washouts in the south bank of the canal, through which the accumulated water in the canal was discharged into said natural water course, which was not large enough to carry it away and it overflowed in great volume onto plaintiff's lands, which were about ten feet lower than the canal bed. The defendant took no steps to repair these breaks or prevent the discharge of the water accumulated in its canal onto plaintiff's land. The water thus discharged onto plaintiff's lands, it was averred, had permanently injured the soil, by washing away the top soil and depositing sand, so that it was of no value whatever for the growing of crops; and the water thus accumulated and discharged on plaintiff's land had permanently weakened and injured the foundations and buildings on her land. The plaintiff claimed, and the trial was conducted on the theory, that the defendant's acts in thus negligently and illegally permitting the discharge of the water which had accumulated in the section of canal owned by it constituted a permanent and lasting trespass which had virtually ruined her land and buildings and entitled her to recover from the defendant their value, the market value of the same after such damage being practically nothing. Consequently the measure of damages employed on the trial was the difference in value of the plaintiff's property immediately before the defendant

acquired title and permitted the negligent and illegal discharge of the accumulated water on plaintiff's land and the value after such discharge had injured plaintiff's land. The defendant did not object to this measure of damages and presented no other on the trial, and the plaintiff having presented it as the measure to be applied and having tried her case on that theory is not in ,a position to ask that another measure be applied. She recovered a verdict of $1,900, on which judgment was entered. It represents the total amount recoverable by the plaintiff for the alleged negligent and illegal acts of the defendant, considered as a permanent condition.

The defendant, however, has appealed and asks that judgment be entered in its favor non obstante veredicto. It has also filed an assignment of error to the competency of one Zimmerman to testify as a witness for the plaintiff on the subject of her damages. The defendant filed ,a motion for a new trial as well as a rule for judgment non obstante veredicto. In the opinion of the court discharging the rule for judgment non obstante veredicto the court below stated that the motion for a new trial was not pressed and had been abandoned. The defendant took no exception to this statement, but apparently moved for a re-argument on its motion for judgment non obstante veredicto, which was granted; and following such re-argument, the court below filed a more extended opinion refusing to enter judgment non obstante veredicto in which the court stated: "On the earnest petition of the defendant the order directing the entry of judgment was revoked and the motion of the defendant for judgment non obstante veredicto was again argued before the full Bench of this Court. In this latter proceeding the defendant again conceded that the motion for a new trial was not being pressed and relied solely upon the motion for judgment notwithstanding the verdict."

Having, in effect, abandoned its motion for a new trial in the court below, defendant cannot revive it in this court. A losing party may appeal to an appellate court from a judgment in the court below, without asking for a new trial *(Detwiler v. Bowers,* 9 Pa. Superior Ct. 473) ; but, if it moves for a new trial, it should not be allowed to abandon its motion on the argument in the lower court and then press it here. Fair treatment of the trial court forbids such a course. We may add, however, that we think the witness was competent to testify and his testimony was receivable and sufficient. The alleged defects in his testimony at the close of his direct examination were remedied on cross-examination (p. 142a). Judgment non obstante veredicto could not be entered for the defendant, on this ground, for the plaintiff was entitled to nominal damages on her evidence, even in the absence of proof of special damages: *Yocom v. Twp. of Union,* 98 Pa. Superior Ct. 540.

We agree with the learned trial judge of the court below that the record does not warrant the entry of judgment non obstante veredicto for the defendant on the merits. The defendant is not obliged to maintain a canal *(Haldeman v. Penna. Railroad Co.,* 50 Pa. 425), but it bought a strip of land with artificial banks, which gather and collect water, which in a natural state would not have flowed there, and it cannot permit this increased quantity of water, thus gathered and collected into an artificial water course, to be discharged in mass or volume through the insertion of a 24-inch pipe or drain at the bottom of the canal or through the non-repair of washouts of the canal bank, onto the plaintiff's land, without responsibility for the resulting damages: *Masterson v. Lehigh V. R. Co.,* 36 Pa. Superior Ct. 66; *Miller v. Laubach,* 47 Pa. 154; *Magee v. Penna. S. V. R. Co.,* 13 Pa. Superior Ct. 187; *Yocom v. Twp. of Union,* supra; *Meninchino v. New Castle,* 96 Pa. Superior Ct. 405.

The plaintiff could not object to receiving the water which would naturally come on her land from higher ground, but this did not justify the defendant in collecting water that naturally would have flowed elsewhere and discharging it in mass or volume on plaintiff's land by means of a pipe, two ifeet in idiameter, or through the non-repair of breaks or washouts in the canal bank.

Whatever errors may have occurred on the trial of this case were not chargeable to the trial judge and they furnish no ground for the entry of judgment non obstante veredicto for the defendant.

Judgment affirmed.