Gaspero *v.* Gentile et al., Appellants.

Argued November 20, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*David H. Kubert,* for appellants.

*James P. Gilliland,* for appellee.

OPINION BY ARNOLD, J., January 17, 1947:

On July 26, 1945, the plaintiff issued his writ of replevin, filing an affidavit of value of $500.00 and bond in double that amount, and the writ·was served on the defendants on July 31. The defendants gave no counter-bond and the sheriff, after the expiration of the seventy-two hours,[1] delivered the goods to the plaintiff, who filed his declaration on December 3, 1945, four months after receiving the replevined articles from the sheriff.

The issue at the trial should have been a narrow one, the plaintiff claiming the right of possession of the chattels under bailment leases, and the defendants denying the execution thereof, alleging that the goods had been sold on an open account and that the title vested. If the jury found for the plaintiff the verdict would be for the plaintiff for the goods, the plaintiff being in possession by virtue of his writ.[2] If, on the other hand, the verdict was for the defendants (as it was), they not being in possession of the goods at the time of the trial, the verdict should have been for the defendants for the goods, and in addition should state the value thereof to the defendants,[3] i. e., the successful parties. Therefore in the instant case the plaintiff had but one issue, the right of possession. The defendants had two, the

---

[1] Section 3 of the Replevin Act as amended, 12 P.S. 1826.

[2] In this opinion we do not treat of damages for detention as the verdict was for defendants, and they not being in possession of the goods, their detention damages would be simple interest.

[3] Section 7 of the Replevin Act, 12 P.S. 1841.

right of possession and the value of the goods if the jury found for them on the first issue. The plaintiff offered his testimony on the right of possession and the case passed to the defendants, who offered their testimony as to their title and right of possession. This closed the first issue. On the second issue the defendants offered the appropriate paragraph of plaintiff's declaration that the value of the goods was $500.00, such averment being in accord with plaintiff's affidavit of value and bond. Thus far the case was perfectly clear. But the court below then permitted the plaintiff to controvert the value of the goods, which value had been fixed by the plaintiff himself in his affidavit and bond. Plaintiff first offered to prove that the value of the goods at the time of the service of the writ "was less than $500, . . . attributable to the wear and tear during the time that [they were] in their [defendants'] possession, from the time . . . sold until . . . taken by the sheriff." The court properly excluded this offer but suggested that the plaintiff might prove "the deterioration . . . attributable to the defendants" since the teste of the writ. But the plaintiff simply called evidence as to that which was previously excluded, that is, the condition of the goods at the time received from the sheriff. There was no testimony of any deterioration in value occurring after the teste of the writ. Defendants' counsel particularly pointed this out to the court and unsuccessfully moved to strike out the testimony. Plaintiff's evidence was uncontradicted, except by his written admission to the contrary, and fixed the value of the goods at the time that he received them from the sheriff at $239.00. The court charged the jury that upon rendering a verdict for the defendants the value of the property should be fixed at either $500.00 or $239.00, and the jury accepted the latter sum. While not particularly involved here, it was error for the court thus to stamp the plaintiff's *oral* evidence of value at $239.00,

for the jury was not bound to accept it even though uncontradicted: See *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523, and many other cases; and this is particularly true as to opinion or expert testimony: *Thomas v. Pennsylvania Railroad Co.,* 275 Pa. 579, 119 A. 717; *Danko v. Pittsburg Railways Company,* 230 Pa. 295, 79 A. 511.

The plaintiff's evidence of value was erroneously admitted unless confined to the deterioration, attributable to the defendants, between the teste of the writ and the delivery by the sheriff to the plaintiff.

The plaintiff in replevin is bound by his own affidavit of value and he cannot controvert it: *May, Stern & Co. v. Lintner,* 67 Pa. Superior Ct. 422; *Royal Batting and Felting Company, Inc. v. Klein, Admrx., et al.,* 149 Pa. Superior Ct. 622, 27 A. 2d 539. Where the defendant gives a counterbond and keeps possession, and the plaintiff, out of possession, receives the verdict, the plaintiff again cannot have a greater value fixed than that stated in his affidavit of value: *Commonwealth, to use, v. Lintott,* 64 Pa. Superior Ct. 328. Where the plaintiff is in possession under the writ, the defendant is not bound by the plaintiff's affidavit of value, but may prove a different value; and this is also true where the defendant files a counterbond and keeps the goods, for the defendant does not "accept" the value fixed by the plaintiff, but is compelled by the statute to give a counterbond in the same sum as the plaintiff's replevin bond, the amount of which, in turn, is fixed by plaintiff's affidavit of value: *Automobile Finance Co. v. Reese et al.,* 73 Pa. Superior Ct. 550. The reason for these rules is perfectly plain. Where one is alleged to be unlawfully in possession of goods of the plaintiff, the plaintiff has two remedies. First, an action of trespass as for trover and conversion or one of the common law trespasses, in which the plaintiff may be fully compensated for the value of the goods and any other damages. The effect of such an action

is to transfer the right of possession to the defendant, the plaintiff in lieu thereof to receive the value of the goods plus any damages. If, however, the plaintiff wants the chattels, rather than damages, he may sue in replevin, whereby the possession of the goods is initially given to him, regardless of the result of the subsequent trial on his right of possession, unless the defendant posts a counterbond. The effect of this, if the defendant does not give a counterbond, is to give the plaintiff a sort of cautionary judgment, i. e., physical possession of the goods.[4] If the plaintiff is unsuccessful, the defendant may have either the value of the goods or have a writ of retorno habendo. Prior to the Replevin Act the defendant alone was entitled to a writ of retorno habendo, but under the Act any of the parties may be entitled thereto: *Duroth Manufacturing Company v. Cauffiel,* 243 Pa. 24, 33, 89 A. 798. Where the plaintiff, therefore, initially wants possession, and to have his right thereafter adjudicated, he must fully protect the defendant from loss in the event of a verdict for the latter. The Replevin Act is specific on this in §8 as amended (12 P. S. 1842) : "The prothonotary shall, in the first instance, fix the amount of bail . . . subject to revision by the court . . . In order to determine the amount of bail, the plaintiff shall make an affidavit of the value of the goods . . ., which value shall be *the cost to the*

---

[4] Under Pa. R.C.P. No. 1073 (b), effective January 1, 1947, plaintiff may sue out a writ of replevin without a bond, permitting defendant to remain in possession until later in the action (upon filing a bond) or until final judgment, and affidavit of value is not required. Under Rule No. 1085, if the verdict is for the person not in possession, the judgment shall determine the right of possession, the value of the property and the amount of any special damages; and a writ of retorno habendo for the property, or fi. fa. for the monetary judgment, may follow. Where the action is commenced by affidavit of value and bond, the words "cost to the defendant of replacing them [the goods]" are eliminated, the requirement being an affidavit "of the value of the property to be replevied."

*defendant of replacing them,* should the issue be decided in his favor." (Emphasis supplied). This is the only method by which a person out of possession may initially obtain possession prior to judgment. As far as the defendant is concerned if he desires to keep possession he must, under §3 as amended (12 P. S. 1826) give his bond *in the same amount* as the original bond of the plaintiff. Appellee argues that this is a hardship because it may be unknown to plaintiff whether the value of the goods has deteriorated or not. But the plaintiff's right to seize the goods is granted by the act *upon terms,* and the plaintiff must accept *all* of the terms of the act and not merely those which he likes. His right to replevin is expressly conditioned upon his making affidavit of "the value of the goods . . . which value shall be the *cost to the defendant* of replacing them, should the issue be decided in his favor . . ." (Emphasis supplied).

In the instant case the errors in the admission of testimony offered by plaintiff as to reduced value, and in the charge of the court as to mitigation of damages, resulted in a verdict for defendants of $239.00. The defendants sought relief by making a motion for judgment n. o. v. (having presented a point for binding instructions) that the judgment should be entered in their favor for $500.00. But the defendants were not entitled to binding instructions, because the issue of right of possession was for the jury. It is at least doubtful whether the defendant could have presented a point denominated *binding instructions* to the effect that if the verdict was for the defendant for the goods, the value must be $500.00. This was the opinion of President Judge RICE in *Casey v. Canning,* 39 Pa. Superior Ct. 94, at page 99: "The expression 'binding instructions' may be used in reference to one or more branches of the issue being tried, but it is more commonly used, and evidently was used in this statute, to indicate instructions covering the entire issue and directing a ver-

dict upon which a final judgment can be entered concluding the parties as to every matter in issue." The defendants could not succeed in their motion for judgment·n. o. v. for the additional reason that the evidence must be taken as it was at the close of the trial. Evidence improperly admitted over objection cannot be excluded, nor can evidence be included which was improperly rejected: *Kotlikoff v. Master, Admrx., et al.*, 345 Pa. 258, 27 A. 2d 35; *Dixon v. Metropolitan Life Insurance Company*, 136 Pa. Superior Ct. 573, 7 A. 2d 549; *Youngwood Building and Loan Association v. Henry*, 137 Pa. Superior Ct. 124, 8 A. 2d 427.

Defendants also made a "Motion to Amend, Correct and Mold Finding and Verdict", setting forth, in substance, that the plaintiff was bound by his affidavit of value, and praying for an amended verdict of $500.00. But it is only in exceptional cases that the court may, *after recordation of verdict and discharge of jury* mould or amend that verdict, and such power is rarely, if ever, exercised, unless to make the corrected verdict conform to the obvious intention of the jury, i. e., to conform to a verdict actually rendered but informally or improperly stated in writing: *Maize, Admr., v. Atlantic Refining Company*, 352 Pa. 51, 57, 62, 41 A. 2d 850, reviewing the cases. It is also only in rare cases that the court may revise a verdict upward, although ample power exists to reduce it; the instances of revision upward usually consisting of matters of interest and similar subjects: *Truck Tractor & Forwarding Co. v. Baker et al.*, 281 Pa. 145, 126 A. 239; *Green & Sons v. Bauer*, 15 Pa. Superior Ct. 372; *National Cash Register Company v. Cochran*, 22 Pa. Superior Ct. 582. Ordinarily the remedy for the improper verdict is a new trial,[5] but

---

[5] An appeal may be had directly from a judgment, and assign errors at the trial, without making a motion for a new trial in the court below: *Magaro v. Metropolitan Edison Company*, 130 Pa. Superior Ct. 323, 327, 197 A. 550.

paragraph 8 of §8 of the Act of June 24, 1895, P. L. 212 (17 P. S. 192) constituting the Superior Court, reads in part: "It may affirm, reverse, amend or modify any order, judgment or decree as it may think to be just. . ." This part of the act followed the granting of a similar power to the Supreme Court by §2 of the Act of May 20, 1891, P. L. 101 (12 P.S. 1164) as follows: "The supreme court shall have power in all cases to affirm, reverse, amend or modify a judgment, . . . appealed from, and to enter such judgment, order or decree in the case as the supreme court may deem proper and just . . ." The two acts are practically identical. In exceptional cases both appellate courts have exercised the power: *Isaac Joseph, etc., v. J. H. Richardson, etc.,* 2 Pa. Superior Ct. 208; *Commonwealth ex rel. John T. Baldwin & Co. v. Yeisley, Constable, etc.,* 6 Pa. Superior Ct. 273. In *Osterling v. Allegheny County,* 272 Pa. 458, 116 A. 385, the plaintiff sued for various items of compensation as an architect. He recovered a verdict of $6155.01 upon which judgment was entered, and he appealed, alleging that certain other items of recovery were wrongfully excluded from the jury. The Supreme Court affirmed the judgment *except* as to three items of damages to the plaintiff amounting, with interest, to $879.55, and as to these items the Supreme Court said, at page 463: "The questions involved in the three items above mentioned are purely legal, as the facts are admitted; hence, we can enter such judgment as the court below should have entered: section 2, Act of May 20, 1891, P. L. 101; Act of April 22, 1905, P. L. 286. The commission, on the three items, with interest . . . amounts to $879.55." The judgment was accordingly modified from $6,155.01 to $7,034.56 with interest. In *Whalen et al. v. Smith Fireproof Construction Co.,* 296 Pa. 10, 145 A. 591, on a foreign attachment in assumpsit on a building contract, the verdict was for the defendant. A number of items of recovery were in dispute, but the facts thereon

were not in dispute. The Supreme Court held, at page 15: "On this record, we can enter a final judgment, and will do so. Both sides agree that the question should be decided by construing the contract, and that $1,012.28 is the sum which defendant, as we now hold, erroneously deducted from plaintiffs' claim. Under such circumstances, the Act of May 20, 1891, P. L. 101, authorizes us to enter such judgment as the court below should have entered: Summers v. Kramer, 271 Pa. 189 [114 A. 525]; Lukens v. Wharton Avenue Baptist Church, 296 Pa. 1 [145 A. 587]. The judgment of the court below is reversed and judgment is here entered for plaintiffs for $1,012.28 with interest . . ." In this case the defense was a set-off, which, if allowed, made a verdict for the defendant, and if rejected made a judgment for the plaintiff. In both the *Osterling* case and the *Whalen* case the modified judgment was entered upon the authority of the Act of 1891, supra, and not under the power of the King's Bench.

In the instant case, in the event of a verdict for the defendants on the right of possession, the jury was required to fix the defendants' damages at $500.00. There was no room for controversy to exist under the law in this regard. The damages were irrevocably fixed with certainty and finality by the plaintiff's affidavit of value filed in order to obtain his writ of replevin. Thereafter the law excluded any proof by the plaintiff in mitigation of damages, except where the deterioration occurred after the teste of the writ. On the latter question there was no evidence. The defendants were entitled to a verdict for the value of the goods of $500.00, and with it interest from July 31, 1945, when the sheriff delivered possession of the chattels to the plaintiff.

The judgment of the court below is reversed and judgment is here entered for the defendants and against the plaintiff in the sum of $500.00, with interest from July 31, 1945, and with costs of this appeal.