## Patrycia et al. v. Rutkowski

*Joseph W. DeFuria*, for plaintiffs.

*Paul Lane Ives*, for defendant.

SWENEY, J., March 22, 1950.—Plaintiffs filed a mechanic's lien for $2,054, based upon a written agreement for the heating of defendant's home at 2411 West Fourth Street, Chester, Pa. Defendant answered that the contract price was $1,054 and that plaintiffs had not made a proper installation to the damage of defendant in the sum of $300.

The case came to trial before Sweney, J. The jury was instructed that an alteration had been made in the written contract, the contract price had been changed from $1,054 to $2,054 by one of the plaintiffs; that if the change had been made prior to execution, as contended by plaintiffs, the jury should decide as a question of fact what the contract price was; but that if the change or alteration had been made after the execution of the contract, the jury might find that there had been an intentional filing of a lien for an excessive amount which would wholly defeat the claim. The trial judge submitted to the jury the questions as to which

figure was the contract price, whether there was a filing of a claim for an excessive amount and whether the contract had been properly performed. The jury returned a verdict in favor of plaintiffs in the sum of $1,054.

Defendant has filed a motion for judgment non obstante veredicto and a motion to amend, correct and mold the finding and verdict of a jury on the ground that the verdict was a finding by the jury that the mechanic's lien was intentionally filed for a grossly excessive amount.

The question of fraudulent alteration of the contract was properly submitted to the jury, who found in plaintiffs' favor, though in a lessor amount than claimed. The charge of the trial judge on this phase of the case was based substantially on A. L. I. Restatement of the Law of Contracts, §434, and was, in effect, that if the jury believed that the contract had been altered by plaintiffs and that the alteration was made with fraudulent intent, the contract between the parties was discharged and plaintiffs could recover nothing. The statute (Act of June 4, 1901, P. L. 431, sec. 36, 49 PS §157) provides that any defense "which shows that the claim was intentionally filed for a grossly excessive amount, shall wholly defeat the claim". The verdict in favor of plaintiffs established the fact that the lien claim was *not intentionally* filed for a grossly excessive amount, and we think that the determination of this question was a matter peculiarly for the jury and not for the court. See Lomot v. Williamson, 74 Pitts. L. J. 289.

Defendant cites Gaspero v. Gentile et al., 160 Pa. Superior Ct. 276, as authority for the motion to amend, correct and mold the verdict of the jury. It is only in exceptional cases, however, that the court may mold or amend a verdict and never may this power be used unless it is to make the corrected verdict "conform to the

obvious intention of the jury". By the motion in the present case defendant is not asking for a molded or corrected verdict but is, in reality, asking for judgment notwithstanding the verdict, upon the proposition that the verdict is a finding by the jury that the claim filed was "intentionally filed for a grossly excessive amount". Having in mind the theory upon which this case was tried and the instructions to the jury, it is obvious that the jury verdict has no such connotation.

The issues raised and presented at the trial of this case, were, in our opinion, of a nature that presented questions exclusively for the jury; they could have found as they did and we will not disturb their verdict.