## Stottlemyer v. Snell

*Donald H. Yost,* for plaintiffs.
*Jack F. Ream,* for defendants.

BUCKINGHAM, *J.*, November 23, 1976—In this case plaintiffs sued defendants for defective construction work in their residence. Defendants brought in the additional defendant on an indemnification basis. The jury gave plaintiffs a verdict against defendants in the amount of $12,551 and found that additional defendant was not liable to defendant for indemnification. The matter is before the court en banc on defendants' motion for a new trial. By stipulation of counsel, the only issue is whether the court may modify the verdict to reduce the same by subtracting some of the interest which was incorporated in the jury's verdict.

The following is crystal clear from the record. The case went to the jury on plaintiffs' following claims: (1) for $4,250 plaintiffs were required to pay for repair work on the premises, (2) $5,405, being the estimated sum plaintiffs will have to pay for removing and replacing the exterior masonry walls of the premises and (3) a claim for $4,500 for repairs to the foundations walls, for which no competent evidence was presented at trial and which claim plaintiffs did not really press at trial.

The court charged the jury that they could award interest at six per cent per annum on all three claims from February 8, 1971, to the date of the trial which occurred on or about March 8, 1976.

The jury's award to plaintiffs in the sum of $12,551 is easily calculable and consists of the following: (1) The first of plaintiffs' claims—$4,250,

with interest thereon at six percent per annum for five years of $1,275. (2) The second of plaintiffs' claims — $5,405, with interest thereon at six percent per annum for five years of $1,621.50.

The third claim of plaintiffs for $4,500 was, of course, rejected by the jury.

The verdict is, therefore, totalled as follows:

$4,250 — principal, first claim
1,275 — interest, first claim
5,405 — principal, second claim
1,621.50 — interest, second claim
$12,551.50 — total

For purposes of argument, both counsel agree that the court erred in permitting the jury to award interest on plaintiffs' second claim since plaintiffs had not yet expended any money on this claim. The question now is, may the court remit the verdict to take out that $1,621.50 interest on plaintiffs' second claim, and have judgment entered on the correct verdict in the sum of $10,930. Defendants say no, while the plaintiffs say yes. We concur with plaintiffs' position.

The question of whether the court may modify a verdict to add or subtract therefrom is an intriguing one. Years ago, the Pennsylvania Supreme Court held that where the trial judge failed to submit the question of interest to the jury, the trial court was then powerless to alter the verdict to include any interest: Tibbetts v. Prudential Insurance Company of America, 313 Pa. 310, 169 Atl. 382 (1933). However, the court's position on this matter has been reversed in later decisions. In Commonwealth to use Walters Tire Service, Inc. v. National Union Fire Insurance Company, 434 Pa. 235, 252 A.2d 593 (1969), the Supreme Court held that the lower court did not commit reversible error when it added interest to the verdict even

though the question of interest had never been submitted to the jury. Moreover, in Gaspero v. Gentile, 160 Pa. Superior Ct. 276, 50 A.2d 754 (1947), the court said: "It is also only in rare cases that the court may revise a verdict upward, *although ample power exists to reduce*." (Emphasis supplied.)

Defendants contend in their brief that it is only where the jury's verdict is itemized as to various sums of principal and interest, that the court has the power to strike off the illegal portion of the interest and cite Longberry v. Paul, 205 Pa. Superior Ct. 435, 41 A.2d 850 (1965), a trespass case which did not involve interest. We disagree. Here, the situation is every bit as clear as if the jury's verdict had been itemized. As we have hereinabove indicated from the record it can be *precisely* shown how the jury awarded each principal sum and interest thereon. Accordingly, where, as here, the facts are clear and indisputable, the court should have the authority to refuse to require plaintiffs to undergo a new trial when the court may easily modify the verdict to reflect the correct amount due plaintiffs by eliminating the obvious amount of illegal interest. In Maize, Admr. v. Atlantic Refining Company, 352 Pa. 51, 41 A.2d 850 (1945), the court said: " ' "Amendments which tend only to advance the interests of justice are not only proper, but necessary, and should always be allowed" . . . The power of the court to mould or amend verdicts of juries is established by repeated decisions.' "

In view of these principles, we shall enter an order dismissing defendants' motion for a new trial and direct that judgment be entered on the verdict as modified in consonance with this opinion.

## ORDER

And now, November 23, 1976, defendants' motion for a new trial is overruled and dismissed, $1,621.50 of plaintiffs' verdict is remitted and the prothonotary is directed to enter judgment on the verdict in favor of plaintiffs and against defendants in the sum of $10,930. An exception is granted to defendants.